HARD v. DENSMORE et al.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

INSTRUCTIONS—APPEAL.
    A party cannot first complain of a charge on appeal.

Appeal from trial term, New York county.

Action by George M. Hard against Emmet Densmore and others. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. K. Barton, for appellants.
Delos McCurdy, for respondent.

PATTERSON, J. This action is against the makers and indorsers of a promissory note for $15,000. It was made by the defendants Densmore to the order of one Pennock, and indorsed by him and one Bissell. The Densmores alone answered, and set up the affirmative defense that the note was given to Pennock without consideration and for the sole purpose that it might be used in aiding Pennock and Bissell in forwarding or carrying out a lottery scheme, contrary to the laws of the state of New York. The plaintiff had a verdict at the trial; and from the judgment entered thereon, and from an order denying a motion for a new trial, this appeal is taken. The case was before us on a former appeal (28 App. Div. 365, 51 N. Y. Supp. 157), and the general relations of the parties to the transaction in which the note was given were then considered. A judgment in favor of the plaintiff was reversed for errors in excluding evidence, and a new trial was ordered. On the retrial, that evidence seems to have been admitted. The only question now presented is on appeal from the order denying the motion for a new trial; for there are no exceptions in the case but one, relating to the refusal to grant a new trial. The defendants did not ask for the direction of a verdict, and the case went to the jury upon certain propositions, either acquiesced in or

urged by them, as those upon which the rights of the parties were to be determined.

It was proven that when the note was given by the makers to Pennock, he transferred to them an interest he had by way of annuity payable from the proceeds of a business in "Garfield Tea" conducted by the Densmores. The value of that interest, one of the witnesses says, was calculated and adjusted at a sum of about $15,000. On the trial, the defendants claimed that the transfer was made as collateral security to the note; that Pennock agreed to take up the note at maturity; that it was made to enable Pennock to raise money for the lottery scheme, or, if not that, then that the transfer was given for the use of the note, it still being for accommodation and for the alleged unlawful purpose. The court charged the jury that, if the note was given without consideration and in aid of the lottery, it was void and never could become valid; but that, if it was given for the Garfield Tea interest, it had a valid inception, and Pennock had a right to dispose of it as he pleased. What would constitute illegality in this note or its inception was stated by the trial judge as follows: "To have been given for an unlawful purpose, this note must have been given exclusively for a purpose prohibited by the statutes of this state." The correctness of this declaration of the law of the case is challenged on this appeal for the first time. It was not excepted to on the trial. The defendants were content to have the case go to the jury on that statement of the law; and, that being so, they cannot speculate on the verdict. We are not called upon, therefore, to make any further comment on this feature. That which the jury, with the defendant's acquiescence, were to pass upon was whether the note was exclusively made for the purpose of using it or its proceeds in the lottery; for the record unmistakably discloses that the question of the consideration was inseparably blended with that of intended use. Counsel for the defendants said:

"I agree with your honor that, if the note was given for the Garfield Tea interest, it is good; but I ask you to instruct the jury that, if the Garfield Tea interest was given for the use—for the loan—of the note, it still remaining an accommodation note, and if that interest was given for its use, that then they should find for the defendants."

And the court so charged.

The whole issue, then, was, what was the note given for? With the assent of the defendants Densmore, and in a formulation made at their request, the case went to the jury on that issue; and, on conflicting evidence, they found for the plaintiff.

The judgment and order are affirmed, with costs. All concur.